No. 25-2366

---

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

MAYA PARIZER; ADIN GESS; NOACH NEWMAN; NATALIE SANANDAJI; YONI DILLER; DAVID BROMBERG; LIOR BAR OR; ARIEL EIN-GAL; HAGAR ALMOG,

*Plaintiffs-Appellants*,

v.

AJP EDUCATIONAL FOUNDATION INC., D/B/A AMERICAN MUSLIMS FOR PALESTINE; NATIONAL STUDENTS FOR JUSTICE IN PALESTINE; WESPAC FOUNDATION; HATEM BAZIAN; OSAMA ABUIRSHAID; TAHER HERZALLAH; ZAREFAH BAROUD

*Defendants - Appellees*.

_____

On Appeal from the United States District Court for
the Eastern District of Virginia

Case No. 1:24-cv-00724
The Honorable Rossie David Alston, Jr., District Judge

_____

## RESPONSE OF APPELLEES IN OPPOSITION
## TO APPELLANTS' MOTION FOR LEAVE
## TO ATTACH SUPPLEMENTAL MATERIAL TO REPLY BRIEF

_____

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................. ii

TABLE OF AUTHORITIES................................................................................. iii

INTRODUCTION ..........................................................................................1

ARGUMENT ..............................................................................................1

I.    Circuit Court Precedent Prohibits Appellants' Attempt to Enhance the Record ..............................................................................1

II.   Appellants' Late-Breaking "Evidence" Lacks Foundation and Accuracy............................................................................3

III.  Appellants' Attempt Disproves Their Own Arguments ....................5

IV.   Appellants Could Have Amended at the District Court Level, But Did Not..................................................................................6

V.    In the Alternative, Appellees Request Sufficient Time to Fully Contest Appellants' Submission........................................................7

CONCLUSION .............................................................................................8

CERTIFICATE OF COMPLIANCE ....................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Chhabra v. Acw N.J., Inc.*
No. 24-1806, 2025 U.S. App. LEXIS 19203 (4th Cir. July 31, 2025)..................1

*City of Martinsville v. Express Scripts, Inc.*
128 F.4th 265 (4th Cir. 2025) ...............................................................................1

*Clendening v. United States*
19 F.4th 421 (4th Cir. 2021) .................................................................................2

*Equal Rights Ctr. v. Niles Bolton Assocs.*
602 F.3d 597 (4th Cir. 2010)................................................................................6

*Hunt v. Nuth*
57 F.3d 1327 (4th Cir. 1995) ................................................................................2

*Khoury v. Meserve*
268 F. Supp. 2d 600 (D. Md. 2003)......................................................................7

*Khoury v. Meserve*
85 Fed. App'x 960 (4th Cir. 2004) .......................................................................7

*Luna v. Tug Hill Operating, LLC*
No. 24-1281, 2025 U.S. App. LEXIS 16166 (4th Cir. July 1, 2025)....................1

*Torda v. Fairfax County Sch. Bd.*
517 Fed. App'x 162 (4th Cir. 2013) .....................................................................2

*U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*
707 F.3d 451 (4th Cir. 2013)................................................................................6

*United States v. Caldwell*
7 F.4th 191, 212 (4th Cir. 2021) ..........................................................................2

*United States v. Smalls*
720 F.3d 193 (4th Cir. 2013) ................................................................................1

**Rules**

Fed. R. App. P. 10(e)(2) .........................................................................................2

Fed. R. App. P. 28(f)............................................................................................2, 3

Fed. R. App. P. 32.1(b)..........................................................................................2

iv

**INTRODUCTION**

The District Court dismissed Appellants' claims in this matter in full as unfounded. Having apparently recognized the lack of legal support for their claims within the existing record, Appellants resort to the proverbial kitchen sink to cast an even wider net and now attempt to persuade this Court to rely on a speech given by Dr. Osama Abuirshaid less than one month ago, well after the ruling by the District Court that they challenge with this appeal. "But culinary clutter" like the sort of kitchen sink allegation Appellants attempt to inject here creates only "havoc" in litigation. *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 267 (4th Cir. 2025). As this Court recently recognized in a comparable context, "[f]ortunately, there is a rule against it." *Id*.

**ARGUMENT**

I.      Circuit Court Precedent Prohibits Appellants' Attempt to Enhance the Record

Much established precedent makes clear that the Fourth Circuit, as a court of review, does not consider evidence not considered by the District Court. *See Luna v. Tug Hill Operating, LLC*, No. 24-1281, 2025 U.S. App. LEXIS 16166, at *11 n.5 (4th Cir. July 1, 2025) (refusing to consider new arguments because "[u]nder our precedent, 'new arguments cannot be raised in a reply brief'"), quoting *United States v. Smalls*, 720 F.3d 193, 197 (4th Cir. 2013); *Chhabra v. Acw N.J., Inc.,* No. 24-1806, 2025 U.S. App. LEXIS 19203, at *2 (4th Cir. July 31, 2025) (holding "new evidence

1

attached to the reply brief is not properly before this court because it was not tendered to the district court"), citing *Clendening v. United States,* 19 F.4th 421, 430 n.7 (4th Cir. 2021); *United States v. Caldwell*, 7 F.4th 191, 212 n.16 (4th Cir. 2021) (explaining that parties waive arguments raised for first time in a reply brief); *Torda v. Fairfax County Sch. Bd.*, 517 Fed. App'x 162, 163 (4th Cir. 2013) (holding that Fed. R. App. P. 10(e)(2) allows for modification of a record, "but not introduction of new evidence in appellate court"); *Echenique v. Convergys*, 473 Fed. App'x 323, 324 (4th Cir. 2012) ("An appellate court may not consider new evidence furnished for the first time on appeal.") (internal citations omitted); *Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995) (recognizing "appellate courts generally will not address new arguments raised in a reply brief because it would be unfair to the appellee and would risk an improvident or ill-advised opinion on the legal issues raised"). Appellants cite no exception to justify departure from this deeply rooted federal practice.

Local Rule 28(b) further permits addenda only for the limited materials identified in Fed. R. App. P. 28(f) and 32.1(b), namely statutes, rules, regulations, or copies of unpublished judicial dispositions not otherwise publicly available. The purported translation of Appellee Dr. Abuirshaid's January 25, 2026 panel remarks falls within none of those categories. Instead, Appellants offer the purported transcript of an event from one month ago by definition for the first time on appeal. Appellants concede the speech postdates both the amendment deadline and their

2

Opening Brief, yet nonetheless advance their purported translation of a new YouTube video as substantive evidence of intent and coordination to support things Dr. Abuirshaid does not even say. *See* Doc. 62 at 3–4. Local Rule 28(b) does not permit the introduction of new facts or evidence on appeal, and it certainly does not justify that in a Reply brief.

## II.    Appellants' Late-Breaking "Evidence" Lacks Foundation and Accuracy

In addition to its delinquent appearance in these proceedings, Appellants' submission fails to constitute proper evidence for this Court's consideration. First, the "translator" Appellants had "certify" the translation they submitted to this Court appears to be the same individual who created multiple documentaries showcasing the Israeli military and his own involvement as a reservist in it.[1] He therefore hardly qualifies as neutral, given the underlying context of Appellants' allegations in this matter. Nor does he appear, or even attest, to have any specified training as a translator beyond his own self-asserted dual fluency as "fully conversant" in English and Arabic.  Doc. 63 at 2.  The sole other example of his work in translating known to Appellees' counsel appears to be when he provided an initially uncredited translation of a disputed expert report in a separate lawsuit against American Muslims for Palestine.  *See* Excerpts from Deposition of Arieh Spitzen taken in *Boim*

---

[1]    *See,    e.g.,*    https://www.themoviedb.org/movie/1445975-shalom-pluga-aleph?language=en-US (last visited February 17, 2026); *compare* Doc. 63 at 2.

*v. American Muslims for Palestine*, No. 17-cv-03591, Northern District of Illinois, Eastern Division, attached as Ex. A, at 13-14 ("Yaniv Berman is … pretty well known in Israel. I don't know him personally, but the attorneys recommended him. That's how I got his name.").

In addition to the absence of neutrality or identified qualifications meeting the standards applied by United States courts for the "translator" Appellants utilized, questionable circumstances place the accuracy of the translation provided to this Court in doubt. While Dr. Abuirshaid has not yet had time to do a detailed comparison, even the transcript as submitted makes clear that Dr. Abuirshaid spoke of advocacy and public policy work among domestic organizations in the United States that cooperate with each other—not with foreign entities as Appellants represent to this Court. And though Appellants again cast broad assertions against other speakers as well and ask this Court to impute that presumed guilt to Appellees based solely on limited physical proximity, Appellants cite to nothing that actually establishes the asserted nefarious connections.

4

III.    Appellants' Attempt Disproves Their Own Arguments

Appellants know they cannot raise new arguments in a reply.   Their excerpt of isolated portions of a panel discussion from a multi-day academic conference with dozens of speakers in the capital city of an American ally, where Dr. Abuirshaid appeared on a panel with four other speakers,  reveals their primary motive: to chill speech among voices from the United States expressing views they dislike.

Even using Appellants' own unofficial and unaudited "certified" translation, Appellants grossly distort Dr. Abuirshaid's discussion of post-October 7 activities among progressive groups in the United States.   Dr. Abuirshaid referred to "a diverse, intersectional, movement, and a grassroots movement" in the United States, including "Jewish Voices for Peace, Churches for Peace in the Middle East, and the U.S. Campaign for Palestinian Rights."   Doc. 63 at 4.  Other groups referenced as part of this U.S.-based "solidarity movement" that coordinate domestically include Democratic Socialists of America, Blacks for Palestine, Jewish American activist Medea Benjamin, and more. *Id*. at 5. The meetings that take place and related purported "coordinating councils" involve these progressive groups, which he emphasizes are not just Palestinian, or even just Arab or Muslim. *Id*. at 4. Dr. Abuirshaid's references to diverse groups of individuals and organizations in the United States that advocate domestically for Palestinian rights bears no relevance to Appellants' appeal; if anything, a full read negates Appellants' assertions.

5

Appellants' slanted representation of the remarks purportedly transcribed in the Addendum reveals their true goal to silence dissenting voices. Appellants failed to support their claims at the District Court level and they fail to do so here, even with inappropriately offered new "evidence."

IV.     Appellants Could Have Amended at the District Court Level, But Did Not

The District Court granted Appellants leave to amend in its dismissal order, providing them an opportunity to cure defects in their Amended Complaint. JA028, JA191–192. They chose not to take that opportunity, instead filing a Notice of Appeal months after the District Court's amendment deadline expired. JA028, JA192. Appellants therefore bound themselves on appeal to the existing allegations in their Amended Complaint, waiving any arguments in support of remand for further leave to amend. As the District Court already found their existing Complaint deficient, and as they bypassed their opportunity to correct it, Appellants cannot now futilely include late-breaking information they believe somehow retroactively fixes their existing deficient claims. *See, e.g., Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (recognizing amendment as futile when the claims could not withstand a subsequent motion to dismiss); *U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013) (affirming the decision that amendment was futile and properly denied after prior failures to sufficiently amend).

6

V.    In the Alternative, Appellees Request Sufficient Time to Fully Contest Appellants' Submission

In the alternative, if this Court permits consideration of Appellants' late-breaking Addendum, Appellees—and particularly Dr. Abuirshaid himself—request the opportunity to more fully address the new arguments and references from Appellants' Reply brief after appropriate time for full consideration.  Appellants clearly know that Dr. Abuirshaid was, at least as of three weeks ago, traveling out of the country.  He still is.[2]  He returns later this week, and welcomes the opportunity—should this Court deem it appropriate or even relevant—to fully refute the inaccuracies and unfounded insinuations in Appellants' purported new evidence. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd* 85 Fed. App'x 960 (4th Cir. 2004) (recognizing sur-replies as appropriate to contest new matters raised for the first time in a reply brief).

---

[2] That fact renders a timely and fully reviewed Declaration from Dr. Abuirshaid on the topics of this Response quite difficult under the timeframe presented; nonetheless, Dr. Abuirshaid will be willing to provide a Declaration supporting this fact upon his return, should this Court consider it pertinent.

7

## CONCLUSION

For the myriad of reasons set forth above, Appellees respectfully request this Court maintain the accuracy and appropriate scope of this appeal and deny Appellants' attempt to insert an out-of-record, post-ruling, unauthenticated purported transcript that still fails to support Appellants' conclusory assertions and speculations, into these proceedings. In the alternative, should this Court decide to consider Appellants' latest kitchen-sink style attempt at "evidence" purportedly relevant to Appellants' claims, Dr. Abuirshaid respectfully requests the opportunity to respond in full after appropriate consideration and correction of Appellants' submission, before this Court considers its alleged merits.

Appellees therefore respectfully request this Court deny Appellants' Motion to File Supplemental Material (Doc. 62) as provisionally submitted to this Court (Doc. 63).

8

Dated: February 19, 2026

/s/     *Christina A. Jump*
Christina A. Jump
Jump Start Legal Justice Center PLLC
100 N. Central Expy. Suite 537
Richardson, Texas 75080
Tel: (972) 992-5060
cjump@jump-start-legal.com
*and*
George R.A. Doumar
Doumar Martin PLLC
1530 Wilson Boulevard, Suite
1060
Arlington, Virginia 22209
Tel: 703-243-3737
Fax: 703-524-7610
gdoumar@doumarmartin.com
*Counsel for Osama Abuirshaid, Hatem
Bazian and AJP Educational
Foundation Inc. d/b/a American
Muslims for Palestine*


/s/ *Ben Olson*
Ben Elson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070 Fax: 773-235-6699
ben@peopleslawoffice.com
*Counsel for Taher Herzallah and
Zarefah Baroud*

/s/ *Patrick J. Crowley*
Felicity Ann McGrath
James T. Hittinger
Patrick J. Crowley
Kiernan Trebach LLP
1233 20th St NW Suite 800
Washington, DC 20036
Tel: 202-712-7000
Fax: 202-712-7100
fmcgrath@kiernantrebach.com
jhittinger@kiernantrebach.com
pcrowley@kiernantrebach.com
*Counsel for WESPAC Foundation*


/s/ *Abdel-Rahman Hamed*
Abdel-Rahman Hamed
Hamed PLLC
1215 31st St NW #25085
Washington, DC 20027
202-888-8846
advocates@hamedlaw.com
*Counsel for National Students for
Justice in Palestine*

9

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume, typeface, and type-style requirements of Federal Rule of Appellate Procedure 27(d). This Response Brief contains 1,678 words, excluding the parts of the document exempted by Rule 32(f), and was prepared in fourteen–point Times New Roman font, a proportionally spaced typeface, using Microsoft Word.

Dated: February 19, 2026

/s/ *Christina A. Jump*
*Counsel for Osama Abuirshaid, Hatem Bazian and*
*AJP Educational Foundation Inc. d/b/a American Muslims for Palestine*

/s/ *Patrick J. Crowley*
*Counsel for WESPAC Foundation*

/s/ *Ben Olson*
*Counsel for Taher Herzallah and Zarefah Baroud*

/s/ *Abdel-Rahman Hamed*
*Counsel for National Students for Justice in Palestine*